UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MICHAEL DALE ST. CLAIR,          ) | |
| ) | |
| Plaintiff,          ) | Civil Action No. 3:14-CV-056-GFVT |
| ) | |
| V.          ) | |
| ) | **MEMORANDUM OPINION** |
| LaDONNA THOMPSON, Commissioner,   ) | **&** |
| Kentucky Department of Corrections, ) | **ORDER** |
| ) | |
| Defendant.          ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Michael Dale St. Clair is a death row inmate in the custody of the Kentucky Department of Corrections and is currently confined in the Kentucky State Penitentiary located in Eddyville, Kentucky. Proceeding *pro se*, St. Clair has filed a declaratory action, pursuant to 28 U.S.C. §§ 1331 and 2201, concerning the detainer lodged against him by the State of Oklahoma. [R. 1]. St. Clair has paid the $400.00 filing fee. [R. 4].

Because St. Clair seeks redress from a governmental entity or officer or employee of a governmental entity, the Court is required, pursuant to 28 U.S.C. § 1915A, to screen his complaint. This statute requires a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Having screened the Complaint, for the reasons set forth below, St. Clair's Complaint will be dismissed because it is premature.

I

St. Clair states that in 1991 in Murray County, Oklahoma, he was convicted of two counts of first-degree murder and one count of solicitation to first-degree murder and that on these convictions, he received two sentences of life imprisonment without the possibility of parole ("LWOP") and one life sentence. St. Clair also states that in January 1994 in Choctaw County, Oklahoma, he was convicted of two counts of murder and received two LWOP sentences. [R. 1: Complaint, ¶¶ 16, 17]. Based solely on his convictions in Oklahoma, it appears that St. Clair has received four different LWOP sentences in Oklahoma.

In 1991, while St. Clair was in prison in Oklahoma awaiting sentencing for his conviction in 1991 for two murders in Oklahoma, he escaped from prison and ultimately came to Hardin County, Kentucky in October of 1991. While there, St. Clair and Dennis Gene Reese ("Reese") kidnaped Frances Brady (also known as Frank Brady) and stole his pickup truck. They transported Brady to Bullitt County, where they murdered him. Subsequently, St. Clair and Reese parted ways and were later arrested separately. Due to the kidnaping of Brady in Hardin County, Kentucky, and his subsequent murder in Bullitt County, Kentucky, criminal charges were filed against St. Clair in Hardin Circuit Court relative to the kidnaping of Brady and in Bullitt Circuit Court relative to Brady's murder.

A

On December 20, 1991, St. Clair was indicted in Hardin Circuit Court for two counts of receiving stolen property, criminal attempt to commit murder, and second-degree arson. *See Commonwealth of Kentucky v. Michael St. Clair*, No. 91-CR-00207. Later, on January 17, 1992, the Hardin County Grand Jury indicted St. Clair for the capital kidnaping of Frank Brady. *See Commonwealth of Kentucky v. Michael St. Clair*, No. 92-CR-00002. On June 19, 1998, the

Commonwealth filed its Notice of Intent to Seek Death Penalty. St. Clair was convicted in February of 2001 of the Capital Kidnaping of Frank Brady, and he was sentenced to death.

St. Clair appealed his conviction to the Kentucky Supreme Court. On October 20, 2005, the Kentucky Supreme Court reversed his conviction and remanded for a new trial. *St. Clair v. Commonwealth of Kentucky*, 174 S.W.3d 474 (Ky. 2005). On remand, the Hardin County kidnaping case went to trial again in 2009, but it was prematurely terminated due to a mistrial. Before the case could be tried again, St. Clair petitioned the Kentucky Supreme Court for a writ of prohibition barring his retrial, arguing that retrial would violate both the Interstate Agreement on Detainers and his federal and state constitutional rights to a speedy trial. *St. Clair v. Coleman*, No. 2007-SC-000901, 2008 WL 2484715 (Ky. June 19, 2008) (unpublished opinion). However, the Supreme Court denied St. Clair's petition. *Id.*

The Hardin County case went to trial a third time in 2012. By that time, his case had been assigned to a new Circuit Judge. The evidence in this trial was largely the same as it had been in the first trial, except that the trial court admitted evidence of St. Clair's other crimes and bad acts, specifically the killing of Timothy Keeling, that had previously been excluded.

The jury in the third trial found St. Clair guilty of all counts, except for the arson charge, for which he was convicted of the lesser-included offense of criminal facilitation of second-degree arson. In the sentencing phase, the jury found all three aggravating circumstances listed in the instructions, *viz.*, that the kidnaping victim was not released alive, that St. Clair had a prior record of conviction for a capital offense, and that the kidnaping was committed during a robbery. The jury recommended that St. Clair be sentenced to death for the kidnaping. The jury also recommended sentences of twenty years in prison for attempted murder of the Kentucky State Trooper, five years for each count of receiving stolen property, and five years for

3

facilitation of arson, all to be served consecutively for a total of thirty-five years. The trial court sentenced St. Clair in accordance with the jury's recommendation.

St. Clair appealed his conviction and sentence as a matter of right to the Kentucky Supreme Court. *St. Clair v. Commonwealth of Kentucky*, No. 2012-SC-000130-MR. St. Clair raised thirty-five (35) claims in this appeal. On February 19, 2015, the Supreme Court reversed his convictions, addressing only those claims necessary to its decision, and remanded for a new trial. *St. Clair v. Commonwealth of Kentucky*, _____ S.W.3d _____, 2015 WL 737567 (Ky. 2015). This decision became final on March 12, 2015. *Id.* Thus, St. Clair is presently awaiting the scheduling of his fourth trial on the charges in the Hardin County case.

B

In February 1992, St. Clair and Reese were jointly indicted in Bullitt Circuit Court, Bullitt County, Kentucky, for Brady's murder. *See Commonwealth of Kentucky v. Michael St. Clair*, No. 92-CR-010. Reese pleaded guilty in Bullitt Circuit Court for Brady's murder and agreed to testify for the Commonwealth. St. Clair pleaded not guilty and proceeded to trial, but his trial did not occur until 1998. St. Clair was convicted of Brady's murder and received a death sentence, in accordance with the jury's recommendation. On direct appeal, the Kentucky Supreme Court affirmed the conviction but remanded for a new capital sentencing phase trial because the jury was not instructed on life without the possibility of parole as a sentencing alternative. *St. Clair v. Commonwealth*, 140 S.W.3d 510 (Ky. 2004) (hereinafter *St. Clair I Bullitt*).

In September 2005, St. Clair was again sentenced to death. In April 2010, the Kentucky Supreme Court reversed that sentence and remanded for a new sentencing phase because the jury

instructions on statutory aggravators did not conform to the statutory language. *See St. Clair v. Commonwealth*, 319 S.W.3d 300, 306-08 (Ky. 2010) (hereinafter *St. Clair II Bullitt*).

Subsequently, in July 2010, St. Clair moved for a new trial, claiming that new evidence about comparative bullet lead analysis (CBLA) evidence, which had been used in the guilt phase of his 1998 trial, had been discovered. Specifically, the new proof was that CBLA had been found to be unreliable and thus inadmissible. This was a collateral attack on the conviction. The Bullitt Circuit Court did not rule on the motion until January 2011, at which time it denied the motion. Initially, St. Clair sought interlocutory relief at the Kentucky Court of Appeals, but he voluntarily dismissed the action when the Commonwealth argued that the order was interlocutory and could be consolidated with the appeal of the sentence, which at that time had yet to be decided. The circuit court agreed with this argument, noting that a Criminal Rule 10.02 motion, like a new trial motion under Civil Rule 59.01, becomes part of the appeal of the judgment.

In October 2011, the Bullitt Circuit Court again held a sentencing trial lasting nine days. The Commonwealth's proof consisted of summaries of testimony from some of the witnesses from the guilt phase of the trial and live testimony from numerous other witnesses, including Reese. On the last day, the jury deliberated for a little over two hours and returned a death-penalty verdict. St. Clair was later sentenced in accordance with that verdict.

St. Clair appealed, as a matter of right, both the denial of his motion for a new trial and his death sentence, to the Kentucky Supreme Court. *St. Clair v. Commonwealth of Kentucky*, No. 2011-SC-000774-MR; *see* Ky. Const. §§ 110(2)(b), 115; *Leonard v. Commonwealth*, 279 S.W.3d 151, 155 (Ky. 2009) (The Kentucky Supreme Court has exclusive appellate jurisdiction over death penalty matters, even when the appeal involves a collateral attack on a death

sentence.). In this appeal, St. Clair raised thirty-two (32) claims. For the reasons stated in the opinion rendered on August 21, 2014, the Kentucky Supreme Court affirmed St. Clair's conviction for murder and his sentence of death. *St. Clair v. Commonwealth*, 451 S.W.3d 597 (Ky. 2014) (*rehr'g denied*, February 19, 2015) (Ky. 2014) (hereinafter *St. Clair III Bullitt*).

II

To reiterate, in 1991, while St. Clair was in prison in Oklahoma awaiting sentencing for his conviction in 1991 for two murders in Oklahoma, he escaped from prison there and ultimately came to Hardin County, Kentucky, in October of 1991. Following his being arrested in Kentucky, before he was tried in Kentucky for the charges filed against him in Kentucky in Hardin Circuit Court and Bullitt Circuit Court, at some time presently unknown to the Court, he was returned to Oklahoma for sentencing on the 1991 murders in Oklahoma. While there, he was also convicted in January 1994 in Choctaw County, Oklahoma, for two additional murders in Oklahoma and received two additional LWOP sentences.

In 1995, St. Clair was imprisoned in Oklahoma serving three LWOP sentences for his murder convictions in Oklahoma, and the criminal charges in Kentucky in the Hardin and Bullitt Circuit Courts were still pending against him. Pursuant to the terms of an Executive Agreement entered into in February of 1995 between the Governor of Oklahoma and the Governor of Kentucky, Oklahoma authorities released St. Clair to the custody of Kentucky authorities for transport to Kentucky for purposes of trial on the criminal charges pending against St. Clair in Kentucky. [Executive Agreement, Exh. 1 to Compl., R. 1-1]. In this Executive Agreement, the two Governors also agreed that if St. Clair were acquitted of the charges in Kentucky, or if his prosecution in Kentucky were terminated in any manner other than by reason imposition of a

judgment and sentence of death, St. Clair was to be returned to Oklahoma for continued service of his prison sentences there. *Id.*

As grounds for his declaratory judgment action, St. Clair contends that since he received death sentences in 1998 and 2001 resulting from his convictions in Kentucky, "all his sentences in Oklahoma must be declared satisfied under the terms of the agreement between Oklahoma and Kentucky, and his presence in Oklahoma cannot be compelled under the Interstate Agreement on Detainers." [Compl. for Declaratory Judgment, R. 1 at 2].

Regardless of the merits to St. Clair's claim that he is entitled to the requested declaratory judgment, at this juncture, the Court need not address the merits of his claim because his Complaint is premature. Given the status of the criminal charges against St. Clair in Kentucky, his convictions have not become final in either Hardin Circuit Court or Bullitt Circuit Court.

In the Hardin Circuit case, in a decision that became final on March 12, 2015, his murder conviction and death sentence were reversed and remanded for a new trial. St. Clair is presently awaiting the scheduling of his fourth trial on the charges in the Hardin County case. Thus, St. Clair's conviction and death sentence for capital kidnaping is not final. On retrial, St. Clair could ultimately be acquitted.

As to the Bullitt County case, on August 21, 2014, his conviction for capital murder and sentence of death were affirmed, and the Kentucky Supreme Court denied rehearing on February 19, 2015. However, this conviction and death sentence are not final because St. Clair has ninety days thereafter in which to file a petition for a writ of certiorari in the United States Supreme Court challenging the decision of the Kentucky Supreme Court. The time for that filing has not expired.

III

Since St. Clair's convictions in Hardin Circuit Court and Bullitt Circuit Court have not become final, it is unknown at this time whether he ultimately will stand convicted and sentenced to death in Kentucky. Accordingly, it is hereby **ORDERED** as follows:

1.   Michael Dale St. Clair's Complaint for Declaratory Judgment [R. 1] is **DISMISSED WITHOUT PREJUDICE** as it was prematurely filed. St. Clair is free to refile this action once his convictions in Kentucky have become final.

2.   The Court will enter an appropriate judgment.

3.   This matter is **STRICKEN** from the active docket.

This the 2nd day of April, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge